No. 39,374

I. W. OVERHOLT, also known as ISAAC OVERHOLT, and LELA MAE OVERHOLT, husband and wife, *Appellants,* v. CITY OF ELLINWOOD, JOHN W. MANNING, LEROY ZAHN, REINHARD WEISS, HERMAN REHME, ORVILLE KEELER, WILLIAM S. SOUTHERN, and LYLE RICHARDSON, *Appellees and Cross-appellants.*

(270 P. 2d 213)

Opinion filed May 8, 1954.

*Orval Fisher,* of Wichita, argued the cause, and *C. H. Morris,* and *Robert F. Bailey,* both of Wichita, were with him on the briefs for the appellants.

*G. I. Robinson,* of Ellinwood, argued the cause, and was on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by .

WERTZ, J.: This appeal and cross-appeal arises from certain orders of the trial court in an action for a temporary and permanent injunction seeking to enjoin the defendants and their successors in office from levying, assessing or certifying certain assessments for curbing, guttering and paving in the city of Ellinwood.

For purposes of clarity, the appellants will be referred to as plaintiffs, and appellees and cross-appellants as defendants.

Plaintiffs filed a verified petition seeking a temporary and permanent injunction against the defendants. The petition contained four causes of action relating to curbing, guttering and paving of certain streets surrounding block 90, a portion of which contained lots owned by the plaintiffs.

The first cause of action pertained to the curbing and guttering of Fifth street between Fritz avenue and the west city limits.

The second cause of action pertained to the curbing and guttering of Fritz avenue between Fourth and Sixth streets.

The third cause of action pertained to the curbing and guttering of Sixth street beginning at a point halfway between Wilhelm and Arndt avenues to the west city limits.

The fourth cause of action pertained to the paving of Sixth street between Fritz avenue and the west city limits.

The matter was set for hearing before the trial court on the petition for a temporary injunction but, before it was heard, the defendants filed a motion to make the petition more definite and certain, and to strike certain portions of the first cause of action, and a demurrer to the second, third and fourth causes of action. Hearing was had on the application for temporary injunction, after which the trial court rendered its decision denying both a temporary and permanent injunction, and assessed the costs against plaintiffs.

The plaintiffs filed a motion to set aside the mentioned decision of the trial court. This matter was heard and the trial judge, at the same term of court in which his former order was made, set aside his former decision and entered a judgment partly sustaining and partly overruling defendants' motion as to the first cause of action, overruling defendants' demurrer to the second cause of action, and sustaining defendants' demurrer to the third and fourth causes of action. Plaintiffs were given ten days to amend their petition, but elected to appeal from the trial court's ruling on the motion

and demurrer. Defendants cross-appealed from all rulings adverse to them.

Plaintiffs argue at great length about the ruling of the trial court upon the motion attacking their first cause of action. These matters can be disposed of with no difficulty. It is a well-established rule that the disposition of a motion to make more definite and certain lies within the sound discretion of the trial court. (West's Kansas Digest, Appeal and Error, § 78 [3]; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 18.) We are satisfied after a review of the record that the trial court did not abuse its discretion in sustaining portions of the motion to make definite and certain and to strike. It is also clear that plaintiffs were given additional time to amend their petition, so they cannot be heard to complain their rights, either present or future, were substantially affected by such ruling.

The principal argument advanced by the plaintiffs is that the trial court erred in sustaining defendants' demurrer to their third and fourth causes of action.

As stated, the third cause of action pertained to the curbing and guttering of Sixth street, and the fourth cause of action to the paving of Sixth street. All of the property bordering Sixth street on the north was owned by the defendant city. A portion of the property bordering Sixth street on the south was owned by plaintiffs. In these two causes of action, plaintiffs contend the city intended to levy and assess a portion of the costs of the curbing, guttering and paving of Sixth street against plaintiffs' property.

Plaintiffs rely on G. S. 1949, 12-602, which, after granting authority to make certain improvements in the manner and under the conditions therein set forth, provides in part:

"The cost of grading, regrading, paving, repaving, curbing, recurbing, guttering, reguttering, macadamizing, remacadamizing or otherwise improving intersections of streets and the cost of making any of said improvements in streets, avenues and alleys running along or through city property shall be paid for by the city at large, for which general improvement bonds of the city may be issued according to law."

It is plaintiffs' contention that this statute requires the city to pay the entire cost of the curbing and guttering of Sixth street as set forth in the third cause of action, and the paving of Sixth street as set forth in the fourth cause of action, for the reason that the city owns the property abutting said street on the north and, inasmuch as Sixth street runs along city property, the costs of the improvement should be paid by the city at large and, therefore, any assessment

which defendants would make against plaintiffs' property for any of such improvement is a violation of the mentioned statute. We cannot agree with plaintiffs' contention. G. S. 1949, 12-601, provides:

"Whenever any street or avenue in any city shall be graded, regraded, paved, repaved, curbed, recurbed, guttered, reguttered, macadamized, remacadamized, or otherwise improved, the cost of such improvement shall be paid by and assessed to the property on each side of said street or avenue to the middle of the block."

It is clear from the foregoing statutes the legislature provided that the costs of the mentioned improvements should be assessed to all of the property on each side of the street, and that it had no intention of exempting private property owners from assuming their burden of such public improvements of streets adjacent to their property, merely because the city also owned a portion of the property adjacent to such improved streets. Section 12-602 must be read in conjunction with section 12-601 and, when so read, it is crystal clear that whenever any street to be improved runs along city property, the city shall pay for its portion of the improvement the same as any private citizen would be required to pay, had such citizen owned the property. In other words, insofar as liability for the improvement of a street is concerned, the city stands in the same shoes as a private individual.

We think it is clear from the language of the statutes that the legislature chose to require cities to pay the entire cost of improvements of city streets, only when their property adjoins both sides of such streets. The court did not err in sustaining defendants' demurrer to plaintiffs' third and fourth causes of action.

On their cross-appeal, defendants contend that the trial court erred in setting aside its first order denying the temporary and permanent injunction and making a new order sustaining the motion and demurrer, as hereinbefore related. It is here noted that the trial court set aside its previous order within the same term of court in which it was rendered.

This court has repeatedly and consistently followed the rule that within the same term in which a judgment was rendered, the trial court has absolute power over it, and may modify, alter, change or vacate it, in whole or in part. (*Shotzman v. Ward,* 172 Kan. 272, 278, 239·P. 2d 935.)

Other matters argued in the record need not be discussed. The judgment is affirmed.